UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
TOPEKA DIVISION

| | |
|---|---|
| United States of America, | Case No. 14-40005-DDC |
| Plaintiff | |
| vs. | Motion to Dismiss |
| Michelle Reulet, et al., | |
| Defendants. | |

## I. Introduction

Defendant Michelle Reulet submits this memorandum addressing the constitutionality of 21 U.S.C. § 813 and its accompanying definitional statute 21 U.S.C. § 802(32)(A)(i).

As applied to the substances at issue here,[1] these provisions present both dangers of a vague statute: they do not give persons of ordinary intelligence fair notice that the substances are prohibited as controlled substance analogues, and they afford the government

---

[1] The defense has moved to require the government to disclose all the alleged analogue chemicals that it contends the defendants distributed. *See* Defense Motion for Bill of Particulars. At present, the government has only stated that its list includes, but is not limited to, AM-2201, MAM-2201, AM-1220, JWH-250, JWH-122, JWH-210, Pentedrone, and 4-FA. Inictment ¶ 53. For purposes of this motion, the defense will address the chemicals specifically named in the indictment.

1

standardless and arbitrary enforcement powers. The Court should hold the statutes void for vagueness as applied. *See United States v. Forbes,* 806 F. Supp. 232 (D. Colo. 1992).[2]

## II. Argument and Authorities

*A.    Void For Vagueness: The Governing Principles*

The Fifth Amendment Due Process Clause "requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson,* 461 U.S. 352, 357 (1983); *see, e.g., United States v. Fisher,* 289 F.3d 1329, 1333 (11th Cir. 2002). This void-for-vagueness doctrine has two components: providing fair warning to potential violators and cabining the discretion of the police, prosecutors, and juries. "Except where First Amendment rights are involved, vagueness challenges must be evaluated in light of the facts of the case at hand." *Id.*

---

[2] Record materials are cited by their docket number (e.g. "Doc."). Witness declarations, affidavits, and statements are further identified by their date and witness's last name (e.g. "6/5/12 Corbett Dec."). Emphasis herein is ours unless otherwise noted. All factual statements not cited are made upon information and belief, based on counsel's investigation and logical inferences from the known facts.

The fair-warning component of the vagueness standard focuses on fairness to the targeted individual. It is a bedrock principle of criminal law that "fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed." *United States v. Aguilar*, 515 U.S. 593, 600 (1995) (*quoting McBoyle v. United States*, 283 U.S. 25, 27 (1931)); *see, e.g., Lanzetta v. New Jersey*, 306 U.S. 451, 453 (1939) ("No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes. All are entitled to be informed as to what the State commands or forbids."). To meet this standard, a statute must provide "an ascertainable standard of guilt." *United States v. L. Cohen Grocery Co.*, 255 U.S. 81, 89 (1921). The fair warning principle ensures that a person can "conform [his] conduct to law … by reading the face of a statute—not by having to appeal to outside legal materials." *Sabetti v. DiPaolo*, 16 F.3d 16, 17 (1st Cir. 1994) (emphasis in original) (quotation omitted) (Breyer, J.).

The prosecutorial discretion component of the vagueness doctrine focuses on a separate interest: the systemic importance of clearly drawn criminal statutes as a means of preventing the government

from targeting and convicting individuals arbitrarily. Thus, even if a statute provides fair warning, it may nonetheless be impermissibly vague if it fails adequately to restrain official discretion. *See, e.g., City of Chicago v. Morales*, 527 U.S. 41, 56 (1999) (plurality opinion). "Where the legislature fails to provide such minimal guidelines, a criminal statute may permit "a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections." *Kolender*, 462 U.S. at 358 (*quoting Smith v. Goguen*, 415 U.S. 566, 575 (1974)). In that case, the statute violates due process "not because it provides insufficient notice, but because it does not provide sufficient minimal standards to guide law enforcement officers." *Morales*, 527 U.S. at 72 (Breyer, J., concurring) (quotation omitted).

B.  *21 U.S.C. § 813 is void for vagueness as applied to the substances at issue here.*

Under these principles, 21 U.S.C. § 813 and its accompanying definitional statute, 21 U.S.C. § 802(32)(A), do not satisfy the requirements of due process here. The first prong of the definition of "controlled substance analogue" requires that the "chemical structure" of the substance be "substantially similar to the chemical struc-

4

ture of" a scheduled drug. *Id.* § 802(32)(A)(i). As applied to chemicals described in the Indictment, the "substantially similar" provision neither establishes an "ascertainable standard of guilt," *Cohen Grocery*, 255 U.S. at 89, nor provides "sufficient minimal standards to guide law enforcement officers," *Morales*, 527 U.S. at 72 (Breyer, J., concurring) (quotation omitted).

In the filed of chemistry, there is no widely accepted definition or methodology for determining when two chemicals are "substantially similar." So there is no way for honest citizens to determine whether their conduct complies with federal law.

Nor does the "substantially similar" provision, as applied here, adequately cabin the discretion of the DEA, the prosecutors, and jurors. The vague statutory language leaves the government free to secretly determine that a substance is substantially similar to a scheduled drug and then pick and choose at will among those distributing the substance for prosecution. For example, in this case the DEA presumably determined at some secret meeting that it would treat the substances described in the indictment as analogues. The DEA gave no public notice of these meetings or determinations. And the

5

DEA has targeted the individuals in this case while taking no action against other sellers of products containing the same chemicals.

Previous cases addressing the vagueness of §§ 813 and 802(32)(A) underscore the statutes' unconstitutionality here. *Forbes* involved the substance AET, which the government alleged was substantially similar to scheduled drugs DMT and DET. In that case, the defense presented highly credentialed experts who testified that AET was not "substantially similar" to DMT or DET. The government called a DEA chemist who said that it was, although a second DEA chemist disagreed. *Forbes*, 806 F. Supp. at 233-34. In light of this disagreement among the experts, the district court found it "undisputed that there is no scientific consensus whether AET has a chemical structure that is substantially similar to DMT or DET." *Id.* at 237. The court added: "The scientific community cannot even agree on a methodology to use to determine structural similarity. Thus, unlike the meaning of cocaine base or the boundaries of a military reservation, a defendant cannot determine in advance of his contemplated conduct whether AET is or is not substantially similar to a controlled substance." *Id.* Based on this absence of fair notice

and the danger of arbitrary enforcement, the court held that statute unconstitutionally vague. *See id.* at 238-39.

Under the analysis that Judge Babcock followed, this Court should hold §§ 813 and 802(32)(A) void for vagueness as applied here.

The district court and appellate decisions in *United States v. Roberts*, 2002 U.S. Dist. LEXIS 16778 (S.D.N.Y. Sept. 9, 2002), vacated, 363 F.3d 118 (2d Cir. 2004), are also illuminating. *Roberts* turned on the constitutionality of §§ 813 and 802(32)(A) as applied to 1, 4-butanediol, which the government alleged was "substantially similar" to the scheduled drug GHB. Based on dueling scientific testimony, the district court found the statutes void for vagueness as applied. *See* 2002 U.S. Dist. LEXIS 16778 at *18-*19. The court of appeals vacated the district court decision, but only because of the confluence of two circumstances: a "visual similarity between the two-dimensional diagrams of 1, 4 butanediol and GHB—which differ from each other by only two atoms," and the fact that "1, 4 butanediol is metabolized into GHB after ingestion." 363 F.3d at 124; *see Fisher*, 289 F.3d at 1338–39 ("substantially similar" not vague as applied to

7

GBL, because GBL metabolizes into GBH after ingestion). The *Roberts* court concluded: "Given the combination of GHB's cognizable similarity to 1, 4-butanediol prior to ingestion and its metabolization into that controlled substance after ingestion, the classification of 1, 4-butanediol is clearly mandated by the Act's language, and remains so regardless of the differences of view among the experts." 363 F.3d at 127; *see also United States v. Washam*, 312 F.3d 926, 931-33 (8th Cir. 2002) (holding statute constitutional as applied to 1, 4-butanediol in part because of metabolization after ingestion).

### III.   Conclusion

For these reasons, the Court should hold that 21 U.S.C. §§813 and 802(32)(A) are void for vagueness as applied.

Respectfully submitted,

*Jack Wade Bainum*
_____
J. Wade Bainum
Kansas Bar No. 18450
Law Office of J. Wade Bainum
4306 Yoakum Blvd., Suite 400
Houston, Texas 77006
713.222.0375
Wade@bainumlawfirm.com

8

*/s/ F. Andino Reynal*
Andino Reynal
Admitted pro hac vice
Stradley, Davis & Reynal LLP
917 Franklin, Sixth Floor
Houston, Texas 77002
832.427.2711
AReynal@sdrfirm.com

## Certificate of Conference

I certify that I attempted to confer with Assistant United States Attorney Tanya Treadway but was unable to reach her. A message was left on her voicemail.

*Jack Wade Bainum*
_____
J. Wade Bainum

## Certificate of Service

I certify that on October 27, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following individuals, and other counsel of record:

Tanya J. Treadway  
444 S.E. Quincy  
Suite 290  
Topeka, KS 66683

Anthony W. Mattivi  
444 S.E. Quincy  
Suite 290  
Topeka, KS 66683

Kevin W. Babbit  
Fagan Emert & Davis, LLC  
730 New Hampshire, Suite 210  
Lawrence, KS 66044

Melody Evans  
Federal Public Defender  
117 S.W. 6th Avenue, Suite 200  
Topeka, KS 66603

/s/ J. Wade Bainum  
J. Wade Bainum