IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHELLE REULET (03),
TERRIE ADAMS (06),
CRAIG BROOMBAUGH (10), and
MICHAEL MYERS (13),

    Defendants.

Case No. 14-40005-DDC

### MEMORANDUM AND ORDER

The government charges defendants with conspiracy to distribute controlled substance analogues (Count 1) and possession with intent to distribute controlled substance analogues (Counts 2 and 3), among other things. Defendant Michelle Reulet filed a Motion to Dismiss (Doc. 248) portions of the Indictment (Doc. 5), arguing that the Controlled Substances Analogue Enforcement Act is unconstitutionally vague. Defendants Michael Myers (Doc. 252), Craig Broombaugh (Doc. 253), and Terrie Adams (Doc. 254) filed motions to join defendant Reulet's Motion to Dismiss, which the Court granted. For the following reasons, the Court denies defendants' motion.

    **I.  Analogue Act**

The government charges defendants with violating 21 U.S.C. § 813, which provides, "A controlled substance analogue shall, to the extent intended for human consumption, be treated, for the purposes of any Federal law as a controlled substance in schedule I." The statute defines controlled substance analogue as:

1

> [T]he term "controlled substance analogue" means a substance—
>
> (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II;
>
> (ii) which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II; or
>
> (iii) with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II.

21 U.S.C. § 802(32)(A).

## II. Discussion

Defendants argue the phrase "substantially similar" in § 802(32)(A)(i) is unconstitutionally vague. The void-for-vagueness doctrine requires that a criminal statute define the offense (1) with sufficient definiteness that ordinary people can understand what conduct is prohibited and (2) in a manner that does not encourage arbitrary and discriminatory enforcement. *United States v. Gaudreau*, 860 F.2d 357, 359 (10th Cir. 1988). Defendants assert that § 802(32)(A)(i) violates both prongs.

The fundamental problem with defendants' motion is that it purports to challenge the constitutionality of the Analogue Act "as applied" to the alleged analogues at issue here, but provides no facts or evidence about those alleged analogues. Doc. 248 at 2. The Tenth Circuit has yet to consider a void-for-vagueness challenge to the Analogue Act. However, the courts of appeals that have considered the question tend to use the same analytical approach: They compare evidence about the controlled substance and the alleged analogue to determine their similarity. *E.g.*, *United States v. Klecker*, 348 F.3d 69, 72 (4th Cir. 2003) (comparing the chemical diagrams of the controlled substance and the alleged analogue and holding such

evidence "demonstrate[s] considerable similarities"); *United States v. Roberts*, 363 F.3d 118, 125-26 (2d Cir. 2004) (upholding constitutionality of statute because diagrams of controlled substance and alleged analogue are similar and alleged analogue metabolizes into the controlled substance after ingestion); *United States v. Berger*, 553 F.3d 1107, 1109 (8th Cir. 2009) (comparing chemical structures of controlled substance and alleged analogue).

The government argues that "the truly fatal flaw in the defendant's argument is her failure to identify the facts against which her vagueness challenge must be applied." Doc. 258 at 3. The Court largely agrees. Defendants' motion contains no evidence about the specific alleged analogues at issue—not even their names. Because defendants fail to introduce facts and evidence showing that Analogue Act is unconstitutionally vague *as applied* to the analogues they are charged with distributing, the Court cannot evaluate either prong of the void-for-vagueness test.

For example, on the first prong defendants argue that because "there is no widely accepted definition or methodology for determining when two chemicals are 'substantially similar,'" "there is no way for honest citizens to determine whether their conduct complies with federal law." Doc. 248 at 5. The courts of appeals that have reached this issue have, after considering the various substances at issue, uniformly rejected the argument. In *United States v. McKinney*, the defendant argued that the Analogue Act "is unconstitutionally vague because there is a lack of scientific consensus" that the alleged analogue and the controlled substance are substantially similar. 79 F.3d 105, 108 (8th Cir. 1996), *vacated on other grounds*, 520 U.S. 1226 (1997). The Eighth Circuit disagreed, holding "a reasonable layperson could, for example, have examined a chemical chart and intelligently decided for himself or herself, by comparing their chemical diagrams, whether the chemical structures of two substances were substantially

similar." *Id.*; *see also United States v. Hofstatter*, 8 F.3d 316, 321-22 (6th Cir. 1993) (holding Analogue Act was "sufficiently precise to enable an ordinary person in the position of Mr. Hofstatter" to know that analogue was substantially similar to controlled substance); *United States v. Turcotte*, 405 F.3d 515, 532-33 (7th Cir. 2005) (evidence sufficient to put an "ordinary person" on notice that charged substance is controlled substance analogue); *Klecker*, 348 F.3d at 72 (4th Cir. 2003) ("Although there are important differences between Foxy and DET, the similarities in their structures would put a reasonable person on notice that Foxy might be regarded as a DET analogue . . . ."); *United States v. Fisher*, 289 F.3d 1329, 1339 (11th Cir. 2002) ("People of ordinary intelligence would easily be able to determine that" the alleged analogue "would meet the definition of a controlled substance analogue.").

Because defendants fail to set forth any evidence that the Analogue Act is unconstitutionally vague as applied to the specific alleged analogues at issue in this case, the Court denies defendants' motion to dismiss.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Michelle Reulet, Michael Myers, Craig Broombaugh, and Terrie Adams' Motion to Dismiss (Doc. 248) is denied.

**IT IS SO ORDERED.**

**Dated this 25th day of November, 2014, at Topeka, Kansas.**

                                                **s/ Daniel D. Crabtree**
                                                **Daniel D. Crabtree**
                                                **United States District Judge**