## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     **Plaintiff,**

v.

                             **Case No. 14-40005-DDC**

MICHELLE REULET (03),
TERRIE ADAMS (06), and
CRAIG BROOMBAUGH (10),

     **Defendants.**

### MEMORANDUM AND ORDER

On October 23, 2015, the Court held a hearing on three motions filed by defendants:  (1) Motion to Exclude Government's Expert, I.T. and Law Enforcement Testimony (Doc. 478); (2) Motion to Exclude and/or Limit Expert Testimony (Doc. 479); and (3) Amended Motion to Exclude Government's Analogue Expert Testimony (Doc. 484).  The government filed its Response in Opposition to these motions on October 1, 2015 (Doc. 493).  At the hearing, the Court informed the parties that it would rule these motions in stages.  This Order decides the arguments directed at law enforcement testimony addressed in the first of the three motions, defendants' Motion to Exclude Government's Expert, I.T. and Law Enforcement Testimony (Doc. 478).

**A.  Legal Standard for Admissibility of Expert Testimony**

The Court has a "gatekeeping obligation" to determine the admissibility of expert testimony.  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993)).  The Court must perform its gatekeeping role for all expert testimony, not just scientific expert testimony.  *See United States v. Garza*, 566 F.3d

1

1194, 1199 (10th Cir. 2009).  And, the Court has broad discretion when deciding whether to admit or exclude expert testimony.  *Kieffer v. Weston Land, Inc.*, 90 F.3d 1496, 1498 (10th Cir. 1996) (quoting *Orth v. Emerson Elec. Co.*, 980 F.2d 632, 637 (10th Cir. 1992)).

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> >
> > (b) the testimony is based on sufficient facts or data;
> >
> > (c) the testimony is the product of reliable principles and methods; and
> >
> > (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  The Court must apply a two-part test to determine admissibility under this rule.  *Conroy v. Vilsack*, 707 F.3d 1163, 1168 (10th Cir. 2013).

First, it must decide "whether the expert is qualified 'by knowledge, skill, experience, training, or education' to render an opinion."  *Id.* (quoting *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (quoting Fed. R. Evid. 702)).  Second, the Court  "'must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony.'"  *Id.* (quoting *United States v. Rodriguez–Felix*, 450 F.3d 1117, 1122 (10th Cir. 2006) (further citations omitted)).

To qualify as an expert, a witness must possess "such skill, experience or knowledge in that particular field as to make it appear that his opinion would rest on substantial foundation and would tend to aid the trier of fact in [its] search for truth."  *LifeWise Master Funding v. Telebank*,

374 F.3d 917, 928 (10th Cir. 2004) (internal quotation and citation omitted).  And, to determine whether the expert's testimony is reliable, the Court must assess "whether the reasoning or methodology underlying the testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue."  *Daubert*, 509 U.S. at 592–93.

In *Daubert*, the Supreme Court identified a non-exhaustive list of factors that trial courts may consider when determining whether proffered expert testimony is reliable under Fed. R. Evid. 702:  (1) whether the theory used can be and has been tested; (2) whether it has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) the theory's general acceptance in the scientific community.  *Id.* at 593–94.  The Supreme Court has emphasized, however, that these four factors are not a "definitive checklist or test" and a court's gatekeeping inquiry into reliability must be "tied to the facts of a particular case."  *Kumho Tire*, 526 U.S. at 150.  In some cases, "the relevant reliability concerns may focus upon personal knowledge or experience," instead of the *Daubert* factors and scientific foundation.  *Id.*  A district court should apply this traditional Rule 702 analysis when opinion testimony is based solely on experience or training, not a scientific methodology or technique.  *Kinser v. Gehl Co.*, 989 F. Supp. 1144, 1146 (D. Kan. 1997).

A traditional Rule 702 analysis is necessary when evaluating expert testimony offered by law enforcement.  The Tenth Circuit has "long recognized that police officers can testify as experts based on their experience" because jurors typically are not familiar with the "criminal underworld."  *United States v. Kamahele*, 748 F.3d 984, 998 (10th Cir. 2014).  But, "[a]s part of the pretrial evaluation, the trial court . . . must determine whether the expert opinion is 'based on facts that enable the expert to express a reasonably accurate conclusion as opposed to conjecture or speculation . . . .'"  *First Savings Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d 1078, 1083

(D. Kan. 2000) (quoting *Kieffer*, 90 F.3d at 1499 (additional citations omitted)). The Rule 702 analysis "is a flexible one" and its focus "must be solely on principles and methodology, not the conclusions that they generate." *Daubert*, 509 U.S. at 594–95.

"The proponent of expert testimony bears the burden of showing that the testimony is admissible." *Conroy*, 707 F.3d at 1168 (citing *Nacchio*, 555 F.3d at 1241). But, "rejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702 advisory committee's note (2000). While *Daubert* requires the Court to act as a gatekeeper for the admission of expert testimony, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof" remain "the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596 (citation omitted).

Here, defendants request more information from the government about any law enforcement officers' opinions and the underlying principles and methodology they used in making any opinions so that they may determine whether to argue for inadmissibility under Rule 702.

### B. Defendants' Motion to Exclude Law Enforcement Testimony

The government has charged defendants with conspiring to traffic in controlled substances and controlled substance analogues, mail fraud, and related crimes. The government identified nine law enforcement officers in its Rule 16 notices of expert testimony. *See* Doc. 291 at 17–18; Doc. 302 at 2–3. The notices disclosed that the law enforcement officers may testify about their expertise investigating the crimes charged and listed ten possible topics about which they may testify. *See* Doc. 302 at 2–3. According to the notices, the basis of the officers' testimony "will be their knowledge, skill, experience, training, and education," and the testimony "will include specialized knowledge and expert opinion, as well as factual information." *Id.* at 3.

Defendants argue that the information provided about the officers' testimony is insufficient under Federal Rule of Criminal Procedure 16(a)(1)(G). *See* Doc. 478 at 3–5. They assert that where an expert is going to provide an opinion or conclusion, the government must provide a summary describing the expert's opinions, the data or facts upon which they have relied, and the bases or reasons for those opinions. *Id.* at 3. Here, the government provided defendants just with a list of topics the officers may testify about and copies of the officers' CVs. *Id.* They argue that the government has not yet met its burden for admitting the proffered expert testimony under the Rule 702 factors. *Id.* at 4. Defendants' ask the Court to order the government to provide more detailed Rule 16 summaries so that they may assess whether to challenge admissibility of this testimony under *Daubert* and the Rule 702 factors. *Id.* at 5.

The government argues in response that a Rule 702 or *Daubert* analysis is not required for factual testimony. Doc. 493 at 8. The government asserts that all nine law enforcement officers are factual witnesses who will not offer any opinion testimony, but will testify "through the lens of, and on the basis of, acquired expertise." *Id.* at 10. This testimony "will be offered in the context of their education, experience, training, and expertise as law enforcement officers," but will not amount to opinion testimony. *Id.* at 25. The government also argues that their expert notices were provided in December 2014 and defendants never asked for additional information about expert testimony before filing their motion. *Id.* at 10. Thus, the government contends that defendants' insufficient notice argument is unjustified.

While defendants should have sought more fulsome disclosures from the government sooner than they did, the Court is not convinced that the Rule 16 notices were sufficient and finds that the government now has received notice that their disclosures need to be supplemented. For the reasons set forth below, and depending on the precise testimony that the

government intends to offer, the Court concludes that the government may need to provide

defendants with more detailed summaries about the law enforcement officers' intended

testimony.

### C.  The Government's Required Disclosure Under Federal Rule of Criminal Procedure 16(a)

Federal Rule of Criminal Procedure 16(a)(1)(G) provides that:

> [a]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence . . . .  The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Fed. R. Crim. P. 16(a)(1)(G).  This rule affords a defendant the opportunity to learn who the

government expects to call as experts at trial by requiring notice of their qualifications.  *Nacchio*,

555 F.3d at 1237.  This then "permit[s] the requesting party to determine whether in fact the

witness is an expert within the definition of Federal Rule of Evidence 702."  *Id.* (quoting Fed. R.

Crim. P. 16 advisory committee's note (1993)).  The requesting party is entitled to a summary of

the testimony and, "*perhaps most important*, the requesting party is to be provided with a

summary of the bases of the expert's opinion."  *Id.* (emphasis added in original).

Judge McConnell's dissenting opinion in *Nacchio* thoroughly describes the difference

between criminal procedure discovery and civil procedure discovery.  While Judge McConnell's

commentary is contained in a dissenting opinion, it accurately describes the state of the law as it

exists today:

> [T]he rules of criminal procedure, unlike the rules of civil procedure, do not require a criminal defendant to establish the foundation for expert testimony through advanced written submissions. . . .
>
> In civil cases, both sides are entitled in advance of trial to know and respond to evidence that will be presented by the other side, including expert testimony.  In criminal cases, the defendant is entitled to keep his cards close to the vest; he may not be required to disclose

his evidence or trial strategy until after the government has presented its case.  These differences are reflected in the discovery rules.

Under Rule 26(a)(2) of the Federal Rules of Civil Procedure, any party who wishes to use a retained expert must give the opposing party in advance of trial a written expert report prepared and signed by the witness, containing a "complete statement" of the witness's opinions and the "basis and reasons for them"; all data, other information, and exhibits on which the testimony is based; and the witness's qualifications, publications, previous testimony, and compensation statement. . . .

In criminal cases, by contrast, neither side has a general right to discover the other's evidence, though the defendant is entitled to request and object to certain specific types of evidence from the prosecution. . . .

Rule 16 of the Federal Rules of Criminal Procedure creates an exception to the usual rule that defendants need not provide notice of their intention to offer expert witnesses. Under Rule 16(b), if the defendant requests disclosure of certain evidence and the government complies, the defendant becomes obligated to make certain disclosures in return.  Specifically, if the defendant requests and receives a written summary of any expert testimony the government intends to introduce, the defendant must provide a similar notice of any testimony he intends to use.  These written summaries must include a description of the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.  *The required "written summary," however falls far short of the "complete statement" required of litigants in civil cases.*  In particular, Rule 16 does not require experts in criminal cases to provide written reports explaining their opinions or to make a written proffer containing the information required under the civil rules.

*Nacchio*, 555 F.3d at 1259–1262 (McConnell, J. dissenting) (emphasis added) (internal citations omitted).

Rule 16 thus requires a summary of the testimony, and the bases and reasons for any opinions, but does not require the parties to provide all of the data or other information considered to form the opinions.  *United States v. Durante*, No. 11-277 (SRC), 2012 WL 503657, at *1 (D.N.J. Feb. 15, 2012) (citing *United States v. Nacchio*, 519 F.3d 1140, 1152 (10th Cir. 2008), *vacated in part on other grounds on rehearing en banc*, 555 F.3d 1234); *see also United States v. Biglow*, No. 07-10221-MLB, 2012 WL 887485, at *1 (D. Kan. Mar. 15, 2012) (finding supplemental disclosures were unnecessary for police testimony under the relaxed criminal standard).  The parties also need not describe the witness's methodology.  *Durante*,

2012 WL 503657, at *1.  But a notice that merely states the subjects of what a witness may discuss without providing the witness's opinions or the bases and reasons for the opinions is "facially deficient."  *United States v. Hoffecker*, 530 F.3d 137, 186 (3rd Cir. 2008).

Notices containing generic, boilerplate expert testimony that any law enforcement officer could offer in any drug trafficking case do not suffice under Rule 16.  *See United States v. Tunkara*, 385 F. Supp. 2d 1119, 1120 (D. Kan. 2005).  Here, the notices provided are partially tailored to this particular case.  They do not, however, set out any opinions or the bases and reasons for any opinions.  *See* Doc. 291 at 17–18; Doc. 302 at 2–3.  Thus, to the extent the law enforcement officers will provide opinions at trial, the government's disclosures are inadequate. While the government need not provide defendants with the data or facts on upon which the experts rely, it must provide a summary of the testimony that describes any opinions and the bases or reasons for those opinions.

This begs the question whether the police officers' trial testimony is opinion testimony. *United States v. Shepard* provides guidance on this issue, describing when a Rule 16 summary is required.  188 F.R.D. 605 (D. Kan. 1999).  In *Shepard*, the court considered whether Rule 16's disclosure requirements applied to testimony based on police officers' observations and experiences.  *Id.* at 608.  The court found that where an officer testifies using specialized knowledge that does not "relate to matters common enough to qualify as lay opinion testimony . . . Rule 702 is not trumped simply because the witness also perceived the facts on which an opinion is to be rendered."  *Id.*  The government thus had to comply with Rule 16 if it was going to use such evidence during its case-in-chief at trial.  *Id.*

But *Shepard* also recognized that "some testimony may not qualify as either a lay or expert opinion if it is simply a witness's statement of a personal experience with a subject

bearing directly upon the appropriateness of a jury inference." *Id.* (citation and quotation omitted). The court thus could not determine which category the testimony belonged in because the government had not provided the specific testimony that it intended to introduce. *Id.* The same condition exists here. If a party fails to provide an adequate written summary, a court may order that party to provide the discovery and, if it fails to do so, prohibit the introduction of the undisclosed evidence, or enter any other order that is just under the circumstances. *Hoffecker*, 530 F.3d at 185 (citing Fed. R. Crim. P. 16(d)(2)). The Court thus grants defendants' motion to the extent that it requests additional disclosures. The Court expects the government to conform its Rule 16's disclosures to the discussion presented in this order.

### D.  Opinion Versus Personal Experience Testimony

The Court agrees with the government that to the extent the law enforcement officers will offer factual—not opinion—testimony that is based on what they have personally observed or experienced they need not provide a summary to defendants. But, if the officers have used their specialized "knowledge, skill, experience, training, and education" to draw conclusions and will give opinions based on their observations, a more fulsome Rule 16 disclosure is required. On discerning this distinction, the Court finds the following cases instructive.

In *United States v. Garza*, the court applied a Rule 702 analysis to expert testimony about whether the defendant had possessed a gun in connection with a drug trafficking crime. 566 F.3d at 1198–99. The court determined that this testimony was not scientific in nature, but, instead, testimony based on specialized knowledge. *Id.* at 1199. The court also found that the testimony did not require analysis under the four *Daubert* factors, but still had to satisfy the relevance and reliability requirements established by Rule 702. *Id.* The *Garza* court's reliability analysis focused "upon personal knowledge or experience," instead of the *Daubert* factors and scientific

foundation.  *See Kumho Tire*, 526 U.S. at 150; *see also First Savings Bank*, 117 F. Supp. 2d at

1083 ("Application of the four factors set out in *Daubert* 'is unwarranted in cases where expert

testimony is based solely on experience or training." (quoting *Compton v. Subaru of Am., Inc.*,

82 F.3d 1513, 1518 (10th Cir. 1996))).  The court concluded that police officers "can acquire

specialized knowledge of criminal practices and thus the expertise to opine on such matters as

the use of firearms in the drug trade."  *Garza*, 566 F.3d at 1199.  But when the testimony moves

from factual observations to specialized knowledge about gun use in the drug trade, this is

opinion testimony under Rule 702 and, upon request under Rule 16, requires a summary

disclosure.  *See id.* at 1200 (finding that Rule 16 was not violated because defendant did not

request an expert disclosure notice).

     In *United States v. Markum*, the Tenth Circuit affirmed the trial court's ruling that a

firefighter chief was permitted to testify that a second house fire was set deliberately, rather than

the result of a natural rekindling.  4 F.3d 891, 896 (10th Cir. 1993).  The firefighter's experience

and training over 29 years of firefighting qualified him has an expert.  *Id.*  The trial court also

found that his testimony was relevant and reliable.  *Id.*  The facts relied on to form his opinion

were based on the firefighter's personal observation and the personal observations of firefighters

who had worked for him and extinguished the first house fire.  *Id.*  Again, the court treated his

testimony as opinion testimony, not factual testimony, when he reached the conclusion that the

fire was deliberately set.  *See id.*  Here, any analogous opinion testimony would require a Rule

16 summary disclosure.[1]

     But the Court is mindful that one court has determined that Rule 16 did not apply to an

agent's testimony that he had never seen an innocent observer accompany a criminal to a drug

---

[1] *United States v. Shepard* contains an extensive list of additional scenarios in which the Tenth Circuit has
determined that an expert's testimony amounted to opinion testimony.  188 F.R.D. at 608.

deal.  *See United States v. DiMarzo*, 80 F.3d 656, 659 (1st Cir. 1996).  *DiMarzo* concluded that this testimony was a statement of fact, based on the agent's personal experience.  *Id.*  It was not a lay or expert opinion, but rather "personal experience relating to a subject bearing directly upon the appropriateness of a jury inference."  *Id.*  Consequently, the government was not obligated to make a Rule 16 disclosure about this agent's testimony.  *See id.*  Thus, to the extent that the government plans to offer testimony by law enforcement officers based on factual testimony from personal experience and observations, no Rule 16 disclosure is required.

The Court also notes that, contrary to defendants' view, a law enforcement officer's experiences can provide the bases and reasons for expert opinion testimony.  *See e.g.*, *Garza*, 566 F.3d at 1200; *Markum*, 4 F.3d at 896; *United States v. Jensen*, No. 1:12-CR-83 TS, 2014 WL 28998, at *2 (D. Utah Jan. 2, 2014).  Indeed, the advisory committee's notes to Rule 702 provide:

> While the terms "principles" and "methods" may convey a certain impression when applied to scientific knowledge, they remain relevant when applied to testimony based on technical or other specialized knowledge.  For example, when a law enforcement agent testifies regarding the use of code words in a drug transaction, the principle used by the agent is that participants in such transactions regularly use code words to conceal the nature of their activities.  The method used by the agent is the application of extensive experience to analyze the meaning of the conversations.  So long as the principles and methods are reliable and applied reliably to the facts of the case, this type of testimony should be admitted.

Fed. R. Evid. 702 advisory committee's note (2000).

Here, the government has provided a list of ten broad topics for all nine law enforcement officers who may testify:

> (1) the manner in which drug trafficking organizations operate; (2) the source of the chemicals being typically China; (3) the methods commonly use in the importation of the chemicals; (4) the manner in which the drugs are manufactured; (5) the manner in which manufacturers regularly change the chemical compounds of the substances they manufacture; (6) the methods and means of distribution, which are often utilized to avoid apprehension by law enforcement; (7) the typical packaging for the products, which omit

ingredients, and state "not for human consumption"; (8) the manner in which the drugs are marketed as "incense" or other innocuous items, normally used to avoid apprehension by law enforcement; (9) their familiarity with the controlled substances and controlled substances analogues; and (10) their experience responding to situations involving drug overdoses and the manifestations of drug overdoses they have witnessed.

Doc. 302 at 2–3.  After reviewing the government's list, the Court finds that topics one, two, three, four, six, seven, and nine could amount to testimony that is "simply a witness's statement of a personal experience."  Topics five and eight, however, may contain expert opinion testimony and not personal experience testimony.  Unless the testifying officer has personally experienced seeing "the manner in which manufacturers regularly change the chemical compounds," this testimony would constitute expert opinion testimony.  Testimony about how the drugs are marketed as "incense" strikes the Court as similar to testimony about code words.  Such testimony is treated under Rule 702 as opinion testimony that requires a reliability assessment.  *See* Fed. R. Evid. 702 advisory committee's note (2000).  Finally, the Court views topic number ten as one subject to exclusion under Federal Rule of Evidence 403, in that its probative value is substantially outweighed by a danger of unfair prejudice.  Admitting such evidence would require a substantial showing of relevance to a matter in controversy in this case and, even then, also a showing that other evidence cannot serve this potentially relevant purpose.

For all topics, whether a witness's testimony is opinion testimony depends on the specific testimony and basis for it, which the Court cannot determine from the government's current disclosures.  The Court thus grants defendants' motion to the extent that it requests additional disclosures and directs the government to apply the rules discussed above to comply with Rule 16's disclosure requirements.

### E.  What Constitutes an Adequate Rule 16 Notice?

"'It is not clear how much detail must be provided to satisfy'" Fed. R. Crim. P.

16(a)(1)(G).  *United States v. Goxcon-Chagal*, 886 F. Supp. 2d 1222, 1253 (D.N.M. 2012)

(quoting 25 J. Moore, *Moore's Federal Practice* § 616.05[3], at 616–65 (3d ed. 2012)).  While

the Court lacks information to determine the precise contours of the disclosure obligation owed

in this case, it provides the following guidance.

The Seventh Circuit has found the following notice "barely" to satisfy the requirements

under Rule 16:

> In response to your Request for Written Summary of the Government's Proposed Expert
> Testimony dated December 3, 1993, please be advised that Officers Emmit C. Carney,
> Jerry Cheung, and R.J. Kenney may testify at trial concerning the use of beepers,
> firearms, walkie-talkies, and Western Union wire transfers in connection with the sale of
> narcotics.  In addition, each of these officers may testify that narcotics traffickers often
> secure locations such as houses or apartments to serve as a base for dealing narcotics.
> Each of these police officers will base their testimony on their years of training and
> experience in the area of drug investigations.

*United States v. Jackson*, 51 F.3d 646, 650–51 (7th Cir. 1995).  There are also examples of

notices found adequate in this Circuit.  *See Goxcon-Chagal*, 886 F. Supp. 2d at 1253–54

(describing notice that set out the general subject matter of the proposed testimony, the expert's

background, that he would testify about drug value and that the evidence indicates the defendants

intended to distribute drugs, and the basis for his testimony); *Biglow*, 2012 WL 887485, at *1

(finding supplemental disclosures were not necessary after reviewing the government's

disclosures which described individually what each officer may testify about); *Tunkara*, 385 F.

Supp. 2d at 1120–21 (finding that inadequate boilerplate disclosure for drug trafficking case was

cured by government's response highlighting the expert testimony it expected to offer from

highway patrol troopers).

The New Jersey federal district court has found insufficient a notice disclosing the general subjects an expert would testify about and that the expert would testify that the defendant's actions were "beyond the bounds of medical practice." *See Durante*, 2012 WL 503657, at *1–2. Even after the government supplemented its disclosures with more information indicating somewhat more explicitly how the expert's opinions applied to defendant's conduct, the court found that this "hardly constituted a summary" of his testimony, "nor was it a description of the witness's opinions and the basis and reasons for those opinions." *Id.* at *2 (internal quotation omitted). Finally, *Durante* found that the government had satisfied its Rule 16 notice requirement when it disclosed the specific opinions that the expert would offer at trial and a fully-developed discussion of the basis and reasons for those opinions. *Id.*

The Court again directs the government to review these cases when making its Rule 16 disclosures.

### F.  Conclusion

While the government's initial disclosures did not contain the detail required by Rule 16, they did notify defendants of the subject matter of the testimony and the identity of the law enforcement experts. In the Court's view, if the government provides more detailed summaries, as Rule 16 requires, the defendants will have adequate time to consider the proposed testimony before trial. Therefore, the Court declines to rule the putative law enforcement testimony is inadmissible, but grants, in part and as explained in this order, defendants' motion to the extent that additional disclosures under Rule 16 are required by the government.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the defendants' Motion to Exclude Law Enforcement Testimony (Doc. 478) is granted in part and denied in part, as described in this order.

**IT IS SO ORDERED.**

**Dated this 13th day of November, 2015, at Topeka, Kansas.**

<u>s/ Daniel D. Crabtree</u>
Daniel D. Crabtree
United States District Judge