IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHELLE REULET (3),

    Defendant.

Case No. 14-40005-DDC

**MEMORANDUM AND ORDER**

This case comes before the Court on defendant Michelle Reulet's counsel's unopposed Motion to Withdraw (Doc. 656). The Court grants this motion in part, but defers ruling on one aspect of it.

Mr. Reynal and local counsel Mr. Bainum have moved to withdraw as Ms. Reulet's counsel because the government may call one of Mr. Reynal's former clients as a witness. On January 19, 2016, the morning scheduled for trial to begin, Mr. Reynal informed the Court that he had consulted with ethics counsel over the weekend about his former representation of this witness and ethically could not cross-examine him if, in fact, the government called him as a witness. *See* Doc. 635 at 24 (Transcript of Pretrial Hearing). The concerns implicated by Mr. Reynal's disclosure led the Court to vacate the trial date so that the government could memorialize an oral motion asking the Court to disqualify Mr. Reynal.

The government filed two motions after the developments on January 19, a Motion to Appoint Conflict Counsel and to Unseal Waiver Colloquies (Doc. 643) and a Motion to Disqualify Counsel Andino Reynal as Defense Counsel (Doc. 645). Because Ms. Reulet's

1

counsel now have moved to withdraw, the Court denies both of the government's motions as moot.

In Mr. Reynal and Mr. Bainum's Motion to Withdraw, they represent that they have discussed Mr. Reynal's inability to continue the representation with Ms. Reulet and "given the circumstances, she is unopposed to this motion." Doc. 656. When the withdrawal motion was filed on February 5, 2016, Ms. Reulet had not yet found new representation. D. Kan. Rule 83.5.5(a) (Withdrawal of Attorney Whose Client Will be Left Without Counsel) thus governed this withdrawal motion, and this local rule required counsel to provide certain information to the Court, *e.g.*, a current mailing address and telephone number for the client. Before the Court ruled on counsel's Motion to Withdraw under that rule, Ms. Reulet provided the Court with Form CJA 23. And the Court now has appointed Melanie Morgan as Ms. Reulet's counsel under 18 U.S.C. § 3006A. *See* Doc. 666. Because Ms. Reulet now has other counsel, the Court need not address the deficiencies of counsel's Motion to Withdraw from representing Ms. Reulet. Instead, the Court grants part of Mr. Reynal's Motion to Withdraw but defers ruling on one aspect of it so that the Court can resolve one remaining issue involving Mr. Reynal. Also, the Court grants Mr. Bainum's request to withdraw from this case.

The Court finds that Mr. Reynal's duties as Ms. Reulet's counsel are complete now that Ms. Morgan has assumed the role of Ms. Reulet's counsel. But the Court nevertheless declines to permit Mr. Reynal to withdraw at this time. On January 20, 2016, the Court issued an Order to Show Cause, which directed Mr. Reynal to show good cause why he should not be ordered to bear the juror costs incurred on the morning of trial. Mr. Reynal responded to the Court's Order on February 15, 2016. The Court will rule on juror costs in a separate order, and, in that order, will address the remainder of Mr. Reynal's Motion to Withdraw.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Michelle Reulet's counsel's unopposed Motion to Withdraw (Doc. 656) is granted in part and deferred in part. The Court grants Mr. Bainum's withdrawal as Ms. Reulet's counsel. The Court defers its ruling on Mr. Reynal's withdrawal, which the Court will address in a subsequent order.

**IT IS FURTHER ORDERED THAT** the government's Motion to Appoint Conflict Counsel and to Unseal Waiver Colloquies (Doc. 643) and Motion to Disqualify Counsel Andino Reynal as Defense Counsel (Doc. 645) are denied as moot.

**IT IS SO ORDERED.**

**Dated this 18th day of February, 2016, at Topeka, Kansas.**

        **s/ Daniel D. Crabtree**
        **Daniel D. Crabtree**
        **United States District Judge**