IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHELLE REULET (3),

    Defendant.

Case No. 14-40005-03-DDC

## MEMORANDUM AND ORDER

This matter is before the court on defendant Michelle Reulet's "Motion for Order Pursuant to the Customer Challenge Provisions of the Right to Financial Privacy Act of 1978" (Doc. 800). The court ordered the government to file a response to defendant's motion under 12 U.S.C. § 3410(b). And the government submitted its Response on October 6, 2016 (Doc. 802). For the reasons discussed below, the court denies defendant's motion.

### I.   Background

Defendant faces charges under the Controlled Substances Act, 21 U.S.C. § 801 et. seq. On September 22, 2016, the Drug Enforcement Agency ("DEA") served an administrative subpoena on defendant's bank, Ally Financial. The subpoena requests "[a]ll records pertaining to the financing . . . of a 2015-model year BMW 428i i4 Turbo convertible purchased by [defendant] and/or David L. Reulet on or about April 15, 2016." Doc. 800-2. The DEA subpoenaed Ally Financial to document the defendant's ownership and/or equity in the vehicle because the government contends it is a "forfeitable asset" under 21 U.S.C. § 853.

On October 3, 2016, defendant filed a motion under 12 U.S.C. § 3410 seeking an order preventing the government from obtaining access to her financial records. Doc. 800. Defendant

1

asserts that the information about any of her 2016 transactions is irrelevant to the charges pending against her. Defendant asserts they are irrelevant because she was arrested in 2014 and "neither the Indictment nor any government representation in this case" alleges any ongoing violation of the Controlled Substances Act, 21 U.S.C. § 801 et. seq. Doc. 800 at 2; *see also* Doc. 124. Consistent with 12 U.S.C. § 3410, the court ordered the government to file a sworn response to plaintiff's motion on October 4, 2016. The government's response asserts that the financial records are relevant to forfeitures available to the government if defendant is convicted under the Controlled Substances Act.

### II.     Standard

The Right to Financial Privacy Act ("RFPA") permits individuals to "contest government access to certain records held by banks and other financial institutions . . . by requiring the government authority issuing a subpoena for bank records to notify the bank customer of the subpoena served on the financial institution, as well as the nature of the law enforcement inquiry to which the subpoena relates." *Lynch v. United States Dep't. of Hous. and Urban Dev.*, No. 09-mc-229-JWL, 2009 WL 4827049, at *2 (D. Kan. Dec. 11, 2009). The RFPA contains three separate bases for quashing such a subpoena: (1) the agency's inquiry is not a legitimate law enforcement inquiry; (2) the records sought are not relevant to the agency's inquiry; or (3) the agency has not substantially complied with the RFPA. *Id.*; *see also* 12 U.S.C. § 3410 (requiring that a movant under the RFPA state, in part, her reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the government authority in its notice).

"To oppose disclosure of financial records to a government entity such as [the DEA], the individual must attach to [her] motion an affidavit (1) stating that the individual is a customer of

a financial institution from which financial records are being sought and (2) setting forth [her] reasons 'for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry,' as such inquiry is explained by the government in its mandatory notice, or that 'there has not been substantial compliance' with the FRPA's requirements." *Id.* (quoting 12 U.S.C. § 3410(a)). "If the Court concludes that the individual has complied with these requirements, the Court 'shall order the Government authority to file a sworn response.'" *Id.* (quoting 12 U.S.C. § 3410(b))

The court must deny the individual's challenge if it finds "'a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry.'" *Id.* at *3 (quoting 12 U.S.C. § 3410(c)). So, "in its response, the agency need not establish that the records sought are in fact relevant, but rather must merely demonstrate 'a reasonable belief that the records sought are relevant.'" *Id.* (quoting *Matter of SEC Private Investigation/Application of John Doe re Certain Subpoenas,* No. M8–85, 1990 WL 119321, at *2 (S.D.N.Y. Aug. 10, 1990)). The standard for relevance is "quite broad." *Id.* at *3. The law enforcement agency need only have a "good reason to investigate." *Id.*

**III.   Analysis**

Defendant complied with the requirements of 12 U.S.C. § 3410 and the court previously ordered the government to file a sworn response. In its Response, the government asserts that it seeks the records because they are relevant to a legitimate law enforcement investigation. Specifically, the government asserts that it seeks the records to locate and confirm ownership in some of plaintiff's assets as part of a potential future forfeiture proceeding. The government contends that it has been investigating plaintiff's assets since her indictment in 2014. And

3

recently, the investigation revealed a newly acquired $51,000 BMW convertible in defendant's name. The government asserts that Ally Financial financed the purchase.

Defendant asserts that the DEA's inquiry is neither legitimate nor relevant. Defendant contends that the DEA's inquiry is not legitimate because she believes the government is merely using its investigation under the Controlled Substance Act to obtain information defendant declined to produce voluntarily in August 2016. Doc. 800-1 at 1. And, defendant asserts the information is not relevant because defendant has not been charged with any on-going violations of the Controlled Substance Act since her arrest in 2014.

The court concludes that the government's evidence is sufficient to establish a reasonable belief that the records sought are relevant to its investigation. First, plaintiff has not shown that the government's inquiry is illegitimate. The government's Response explains that the DEA seeks to locate defendant's forfeitable assets to determine their value and plaintiff's ownership in them. Though defendant argues that the government merely seeks to determine whether defendant qualifies for appointed counsel, the government has articulated a legitimate investigatory purpose for subpoenaing the financial records. Second, the financial records are relevant to the government's inquiry because they relate to the financing of defendant's potentially forfeitable assets. Thus, the court finds that the government's inquiry is legitimate and there is a reasonable belief that the records sought are relevant to the inquiry.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Michelle Reulet's Motion for Order Pursuant to Customer Challenge Provisions of The Right to Financial Privacy Act of 1978 (Doc. 800) is denied.

**IT IS SO ORDERED.**

5

**Dated this 14th day of October, 2016, at Topeka, Kansas.**

                **s/ Daniel D. Crabtree**
                **Daniel D. Crabtree**
                **United States District Judge**